IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| STEVEN E. MICK, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 8:17CV147 |
| v. | ) ) ) | **MEMORANDUM** |
| STEPHEN WADE JR., and DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) | **AND ORDER** |
| Defendants. | ) ) | |

Plaintiff, an inmate in the Douglas County Jail, brings this action pursuant to 42 U.S.C. § 1983 against the Douglas County Department of Corrections and correctional officer Stephen Wade, alleging that Wade used excessive force against Plaintiff and was deliberately indifferent to Plaintiff's medical needs, in violation of the Eighth Amendment. The court previously granted Plaintiff permission to proceed in forma pauperis in this action. The court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that Douglas County Corrections Officer Stephen Wade insisted Plaintiff walk to "medical" to get treatment for an unknown condition or sign "refusal papers." Plaintiff apparently refused to walk because his feet hurt from diabetic neuropathy. After Plaintiff offered to sign the refusal papers, Wade allegedly tripped Plaintiff, causing him to fall backwards onto the floor and to hit his head on the metal bed frame. Wade then kneed Plaintiff in the left rib cage, breaking his ribs. Plaintiff was dragged out of his cell in shackles and handcuffs. After Wade got tired

of dragging Plaintiff, Wade transported Plaintiff by wheelchair to the "L.t. office," where "the L.t." threatened Plaintiff and told him the incident was his fault.

Plaintiff claims he was housed in the "H module," which is apparently on the second floor, requiring Plaintiff to climb stairs. Although the chronology of these events is not clear, Plaintiff appears to allege that after the broken-rib incident, he was unable to lie down for 18 days, had to sleep upright with his head on a table, and had difficulty eating. "Medical" eventually came to Plaintiff's cell, where he explained that his ribs were broken and he did not receive any medical help. Plaintiff claims he requested a grievance, but he did not receive one.

Plaintiff requests monetary damages in the amount of $ 2 million.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](link) and [1915A](link). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](link); [28 U.S.C. § 1915A(b)](link).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *[Bell Atlantic Corp. v. Twombly,](link)* 550 U.S. 544, 569-70 (2007); *see also [Ashcroft v. Iqbal,](link)* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff sues two defendants: the Douglas County Department of Corrections ("DCDC") and correctional officer Stephen Wade. Because the DCDC is not a separate legal entity from Douglas County, Plaintiff's claims against the DCDC shall be construed as claims against Douglas County. *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1097 (D. Neb. 2015) (Nebraska law allows counties to sue and be sued, but the same is not true of county offices and departments); *Griggs v. Douglas Cty. Corr. Ctr.*, No. 8:07CV404, 2008 WL 1944557, at *1 (D. Neb. Apr. 29, 2008) (same); *Porter v. Hennepin Cty.*, No. CIV. 06-3142, 2006 WL 3841540, at *1 (D. Minn. Dec. 29, 2006) (dismissing county department of community corrections as defendant in 42 U.S.C. § 1983 action because department was not separate legal entity from county itself).

Similarly, because Plaintiff did not specify whether defendant correctional officer Stephen Wade is being sued in his official or individual capacity, the court must presume he is being sued in his official capacity only. *See [Johnson v. Outboard Marine Corp.](), 172 F.3d 531, 535 (8th Cir. 1999)* (reiterating that when a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity").

As with his claims against the DCDC, Plaintiff's claims against Wade in his official capacity are actually claims against Douglas County itself. *[Monell v. Dep't of Soc. Servs.](), 436 U.S. 658, 690 n.55 (1978)* ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *[Elder-Keep v. Aksamit](), 460 F.3d 979, 986 (8th Cir. 2006)* ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *[Parrish v. Luckie](), 963 F.2d 201, 203 n.1 (8th Cir. 1992)* ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (citation omitted).

A county "may only be held liable for constitutional violations which result from a policy or custom of the municipality," *[Yellow Horse v. Pennington Cty.](), 225 F.3d 923, 928 (8th Cir. 2000)*, whether the policy or custom is "made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *[Gladden v. Richbourg](), 759 F.3d 960, 968 (8th Cir. 2014)*; *[Monell](), 436 U.S. at 691* ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *[Jane Doe A By and Through Jane Doe B v. Special]()*

*School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental "custom," a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

As presently written, Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff makes no allegations whatsoever relating to the existence of a Douglas County policy or custom of using excessive force[1] against inmates of the Douglas County Jail or being deliberately indifferent to their serious

---

[1]"It is well established that a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010) (internal quotations omitted). However, "'not . . . every malevolent touch by a prison guard gives rise to a federal cause of action,' a *de minimis* application of force will not give [sic] result in a constitutional violation." *Id.* (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)); *see also Wilkins v. Gaddy*, 130 S.Ct. 1177-78 (2010) ("An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim.") (internal quotation marks omitted). Where the force applied is excessive, however, a constitutional claim may survive summary dismissal even if the resulting injury is *de minimis*. *Wilkins*, 130 S. Ct. at 1180.

medical needs.[2] Specifically, Plaintiff does not allege any pattern of conduct by Douglas County employees, does not allege any "deliberate indifference to or tacit authorization" by Douglas County's policymaking officials "after notice to the officials of that misconduct," and does not allege that a custom or practice "was the moving force behind the constitutional violation," as required by *Jane Doe*.

On its own motion, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file an amended complaint no later than **July 26, 2017**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS ORDERED:

1. The clerk of the court shall amend the caption in this case by replacing defendant Douglas County Department of Corrections with Douglas County;

---

[2] To prevail on an Eighth Amendment deliberate-indifference claim, Plaintiff must prove that the defendant acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). For a claim of deliberate indifference, the prisoner must show more than negligence, more than gross negligence, and more than a mere disagreement with treatment decisions. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008); *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

2.     Plaintiff shall file an amended complaint that states a claim upon which relief may be granted by **July 26, 2017**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff; and

3.     The clerk of the court is directed to set a pro se case management deadline using the following text: **July 31, 2017**—check for amended complaint.

DATED this 26th day of June, 2017.

BY THE COURT:<br>
s/ *Richard G. Kopf*<br>
Senior United States District Judge