IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| STEVEN E. MICK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:17CV147 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| STEPHEN WADE JR., and | ) | **AND ORDER** |
| DOUGLAS COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to this court's June 26, 2017, order (Filing No. 8), Plaintiff has filed a Supplemental Amended Complaint (Filing No. 9) that complies with the court's order to allege facts stating plausible Eighth Amendment claims for excessive force and deliberate indifference to Plaintiff's serious medical needs against Stephen Wade, Jr., in his individual capacity and against Douglas County. Accordingly, such claims may proceed to service of process.

IT IS ORDERED:

1. Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference to Plaintiff's serious medical needs against Stephen Wade, Jr., in his individual capacity and against Douglas County may proceed to service of process.

2. For service of process on Douglas County, the clerk of the court is directed to complete a summons form and a USM-285 form for defendant Douglas County using the address "Daniel A. Esch, County Clerk/Comptroller, 1819 Farnam Street, Room H08, Omaha, NE 68183," and forward them together with a copy of the Complaint (Filing No. 1), the Supplemental Amended Complaint (Filing No. 9), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Douglas County at Daniel A. Esch, County**

**Clerk/Comptroller, 1819 Farnam Street, Room H08, Omaha, NE 68183**. *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02 (Reissue 2016).[1]

3. For service of process on defendant Stephen Wade, Jr., in his individual capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for defendant Wade using the address "Douglas County Correctional Center, 710 South 17th Street, Omaha, NE 68102," and forward them together with a copy of the Complaint (Filing No. 1), the Supplemental Amended Complaint (Filing No. 9), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Wade personally in his individual capacity at the Douglas County Correctional Center, 710 South 17th Street, Omaha, NE 68102**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

4. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 120 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

6. The clerk of the court is directed to file under seal any document containing the last-known personal addresses for the defendants.

7. The clerk of the court is directed to set the following pro se case management deadline: January 1, 2018—service of process to be completed.

DATED this 1st day of September, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge